[Cite as *In re Adoption of K.A.B.*, 2017-Ohio-6899.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: ADOPTION OF K.A.B. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | |
| | : | Case No. 2017CA00074 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Stark County Court
of Common Pleas, Probate Division,
Case No. 227906

JUDGMENT: Affirmed

DATE OF JUDGMENT: July 17, 2017

APPEARANCES:

For Appellee                          For Appellant

ANTHONY T. KAPLANIS                    T.E.C  Pro Se, A440154
116 Cleveland Ave. NW                  Richland Correctional Institution
Suite 701                              1001 Olivesburg Rd
Canton, Ohio 44702                     PO Box 8107
                                       Mansfield, Ohio 44901-8107

*Baldwin, J.*

{¶1}    Appellant T.E.C. appeals from the April 18, 2017 Judgment Entry of the Stark County Court of Common Pleas, Probate Division, finding that his consent to the adoption of K.A.B. was not required.

## STATEMENT OF THE FACTS AND CASE

{¶2}    Appellant T.E.C. is the biological father of K.A.B (DOB 8/3/2000). On January 13, 2017, C.S.B., the child's stepfather, filed a petition for adoption pursuant to R.C. 3107.05. In his petition, he alleged that appellant's consent to the adoption was not required because appellant had failed without justifiable cause to provide more than de minimis contact with the child and to provide for the maintenance and support of the child for a period of at least one year immediately preceding the filing of the adoption petition or placement of the child in the petitioner's home. The petition further indicated that appellant was incarcerated for life for rape. K.A.B.'s mother had consented to the adoption.

{¶3}    On January 30, 2017, appellant filed an objection to the adoption. A hearing on the adoption was scheduled for April 18, 2017. Appellant, who was incarcerated, participated telephonically.

{¶4}    Pursuant to a Judgment Entry filed on April 18, 2017, the trial court found that appellant's consent to the adoption was not required because appellant had failed without justifiable cause to provide more than de minimis contact with the child and to provide for the maintenance and support of the child for a period of at least one year immediately preceding the filing of the adoption petition or placement of the child in the

petitioner's home.  The trial court did not make any factual findings. A Final Decree of Adoption was filed on the same day.

{¶5}    Appellant now raises the following assignments of error on appeal:

{¶6}    I.  THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ISSUED A JUDGMENT THE BIOLOGICAL FATHER'S CONSENT WAS NOT REQUIRED.

{¶7}    II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE BIOLOGICAL FATHER TO PARTICIPATE WITH THE PRETRIAL HEARING.

I

{¶8}    Appellant, in his first assignment of error, argues that the trial court erred in finding that his consent to the adoption was not required.

{¶9}    We note that appellant has failed to file a transcript in accordance with App.R. 9(B). Pursuant to App.R. 9(B)(1), "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)." "For parties who cannot afford to have a transcript prepared, existing case law authorizes the use of a statement of proceedings under App.R. 9(C)." 2011 Staff Note, Appellate Rule 9.

{¶10}  In the case sub judice, appellant did not file a transcript or an App.R. 9(C) statement of proceedings of the hearing held on the petition for adoption. When portions of the transcript or statement of proceedings necessary for resolution of the assigned error are omitted from the record, the reviewing court has nothing to pass on and thus, as to those assigned errors, the court has no choice to presume the validity of the lower

court's proceedings and affirm. *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶11} Appellant's first assignment of error is, therefore, overruled.

II

{¶12} Appellant, in his second assignment of error, argues that the trial court abused its discretion when it denied him the right to participate at the pretrial hearing on March 27, 2017.

{¶13} Appellant, on March 6, 2017, filed a motion asking the trial court to issue an order to the Warden at Richland Correctional Institution to provide a telephone or video service so that appellant could participate at the March 27, 2017 pretrial in this case. The trial court, as memorialized in a Judgment Entry filed on March 23, 2017, denied such motion, stating that appellant "shall make his own arrangements to participate at the pretrial." We find, contrary to appellant's argument, that the trial court did not deny him the right to participate at the pretrial hearing. There is no transcript of the March 27, 2017 pretrial in the record to indicate whether or not appellant did so.

{¶14} Appellant's second assignment of error is, therefore, overruled.

{¶15} Accordingly, the judgment of the Stark County Court of Common Pleas, Probate Division, is affirmed.

By: Baldwin, J.

Gwin, P.J. and

John Wise, J. concur.